UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID W. COLLINS, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-40217-FDS |
| GARY RODEN, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER
ON PETITIONER'S MOTION TO DISMISS UNEXHAUSTED CLAIMS AND
MOTION FOR RECONSIDERATION

**SAYLOR, J.**

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody. Petitioner W. David Collins, who is proceeding *pro se*, was convicted of two charges of forcible rape of a child on February 13, 2002.[1] He was sentenced to a ten- to twelve-year term of incarceration on one charge and a ten-year term of probation on the other. He subsequently filed a petition for a writ of habeas corpus pursuant § 2254, raising six claims for relief.[2] Respondent

---

[1] Because Collins is proceeding *pro se*, the Court will liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] The six claims were as follows:

Claim One: that he received ineffective assistance of counsel because of trial counsel's failure to file a written pretrial motion to admit testimony that one of the alleged victims had previously sexually assaulted petitioner's nieces;

Claim Two: that his Sixth Amendment right to confront witnesses and present a defense was violated by the trial court's exclusion of evidence that one of the alleged victims had previously sexually assaulted petitioner's nieces;

Claim Three: that he received ineffective assistance of trial counsel, based on trial counsel's cross-examination of the alleged victim's mother regarding an illegally-recorded telephone conversation;

Gary Roden moved to dismiss the petition, contending that Collins failed to exhaust his available state remedies as to all six claims in the petition.

In a July 21, 2009, Memorandum and Order, the Court concluded that Claims Two, Four, Five, and Six of the petition had not been exhausted. The Court denied petitioner's motion to stay the federal case to allow him to exhaust his state court remedies, concluding that a stay would not be appropriate under the circumstances. Instead, because he had filed a "mixed petition," the Court presented petitioner with two options: (1) dismiss the unexhausted claims (forever forfeiting the right to federal habeas review of those claims) and proceed to the merits of Claims One and Three, or (2) dismiss the entire petition without prejudice to permit petitioner to return to state court and pursue the unexhausted claim. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004).[3] Petitioner has now responded. (*See* Dkt. No. 16). He has opted to dismiss the unexhausted claims, although as a preliminary matter, he has asked the Court to reconsider its conclusion that Claim Two was not

---

Claim Four: that he received ineffective assistance of appellate counsel, based on appellate counsel's failure to raise the claim in Ground One on direct appeal;

Claim Five: that he received ineffective assistance of appellate counsel, based on appellate counsel's failure to raise the claim in Ground Three on direct appeal; and

Claim Six: that he received ineffective assistance of post-conviction counsel, based on post-conviction counsel's failure to raise a claim for ineffective assistance of appellate counsel on appeal from the denial of his motion for new trial.

[3] Petitioner was specifically warned of the possible consequences should he elect to dismiss the entire petition without prejudice. Specifically, the Court informed him that the filing of his federal habeas petition did not toll any applicable limitations periods under Massachusetts law, and, therefore, he might be barred from raising the unexhausted claim in state court because the appeals deadlines may have passed.

The Court also advised petitioner that the filing of his federal habeas petition did not toll the running of the one-year statute of limitations contained in 28 U.S.C. § 2244(d). *Neverson*, 366 F.3d at 38. Accordingly, any successive petition that he attempted to file in this Court (for example, after attempting to exhaust his state remedies) might be barred as untimely.

exhausted.

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1). It is the petitioner's burden to demonstrate that the claims asserted in his petition are exhausted. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). That is, a petitioner must establish that "he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Barresi*, 296 F.3d at 51 (quotation and alteration omitted).

In Claim Two of his habeas petition, petitioner contends that his Sixth Amendment right to confront witnesses and present a defense was violated by the trial court's exclusion of evidence that one of the alleged victims had previously sexually assaulted petitioner's nieces. Petitioner contends that this evidence would have supported an inference that the alleged victim had a motive to lie.

In its previous decision, the Court held that Claim Two had not been exhausted because it was raised for the first time in state court in his Application For Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court. *See Gunter v. Maloney*, 291 F.3d 74, 82 (1st Cir. 2002). Where a claim has been presented for the first and only time in an application for discretionary review, such as an ALOFAR, it has not been fairly presented. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner objects to the Court's conclusion and argues that he presented the substance of Claim Two in his motion for a new trial and his appeal from the denial of that motion. He thus contends that the claim was not presented for the first time in his ALOFAR and therefore is properly exhausted. (Pet. Mem. at 3-5). In particular, petitioner notes that his brief to the Massachusetts Appeals Court relied on two state cases for the proposition that the state rape shield statute authorizes the admission of evidence of an alleged victim's prior sexual conduct if such evidence could support an inference that the victim was lying. (App. at 202-03 (citing *Commonwealth v. Stockhammer*, 409 Mass. 867 (1991); *Commonwealth v. Joyce*, 382 Mass. 222 (1981))). In one of those cases, the SJC noted that "[t]he right to cross-examine a complainant in a rape case to show a false accusation . . . may assume constitutional dimensions." *Joyce*, 382 Mass. at 229 (quotations omitted). Invocation of *Joyce* and *Stockhammer*, petitioner contends, constitutes fair and recognizable presentation of his Confrontation Clause argument to the state courts.

Respondent disagrees. First, respondent contends that petitioner raised only an ineffective assistance of trial counsel claim in his motion for a new trial and appeal therefrom, not a claim that his right to confront witnesses had been denied. (Resp. Opp. at 2). Second, respondent argues that *Joyce* and *Stockhammer* concern the interpretation of a state statute, and therefore would not have alerted a reasonable jurist to the existence of a federal constitutional question. *See Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007). Accordingly, respondent maintains that the Court correctly held that Claim Two of the habeas petition had not been exhausted.

In reply, petitioner first argues that his ineffectiveness argument is "intrinsically linked" with his Confrontation Clause claim, and that a reasonable jurist would have recognized the

existence of both. (Pet. Reply at 2). Second, he contends that "as a practical matter," his invocation of *Joyce* and *Stockhammer* was "indistinguishable from [a claim] arising under federal law," and because "the claims are functionally identical . . . [the Court] must regard the federal claim as fairly presented." *Nadworny v. Fair*, 872 F.2d 1093, 1100-01 (1st Cir. 1989); (*see* Pet. Mem. at 3).

After careful consideration, the Court remains of the view that petitioner did not exhaust Claim Two. The First Circuit's decision in *Barresi v. Maloney* is particularly instructive. 296 F.3d at 55. After being convicted of rape and indecent assault and battery in Massachusetts state court, Barresi filed a § 2254 habeas petition alleging that the trial court's evidentiary rulings, particularly those regarding the Massachusetts rape shield law, violated the Sixth Amendment's Confrontation Clause. *Id.* at 51. The district court dismissed the petition for lack of exhaustion after concluding that even though Barresi had unmistakably raised his Confrontation Clause claim before the Massachusetts Appeals Court, his ALOFAR did not clearly present the issue to the SJC. *Id.* On appeal, the First Circuit vacated the dismissal and reinstated the petition. *Id.* at 56. Recognizing that the question of exhaustion "is both sui generis and fact-driven, turning on [each cases's] own unique circumstances," *id.* at 52, the court relied on four factors to support its holding of exhaustion:

> First, his ALOFAR alleges that the trial court's adverse evidentiary rulings deprived him of the right to present an effective challenge to the complainant's credibility and infringed his right to cross-examine her. When a state rape shield statute operates to prevent a criminal defendant from presenting relevant evidence and diminishes his or her ability to confront adverse witnesses and present a defense, the statute unquestionably implicates the Sixth Amendment. Second, the ALOFAR specifically asserts that, as a consequence of the challenged trial court rulings, Barresi's right to due process was infringed. Third, Barresi's ALOFAR invokes state decisional authority that specifically addresses the federal

>      constitutional character of issues he sought to litigate. Finally, the ALOFAR's
>      "backdrop"—Barresi's intermediate appellate brief—plainly and unequivocally
>      raised the same federal constitutional issues presented in the ALOFAR, and relied
>      upon citations to appropriate federal authority.

*Id.* at 55 (quotation omitted). Accordingly, Barresi's filing were "minimally sufficient" to satisfy the exhaustion requirement of § 2254. *Id.* at 53.

In *Barresi*, the First Circuit directed its attention primarily to the ALOFAR because Barresi had unmistakably raised a Sixth Amendment confrontation issue in his brief to the intermediate appeals court. *Id.* at 52. Here, the inquiry is flipped—the Court's focus is on the intermediate appellate brief because the Court must decide whether petitioner *first* raised the challenge in his ALOFAR. Only if the federal issue was presented in the courts below the SJC can petitioner's claim be considered exhausted. *See Castille*, 489 U.S. at 351 (holding that submitting a new claim to a state's highest court on discretionary review does not constitute "fair presentation" for exhaustion purposes).

If Barresi had only "minimally" met § 2254's exhaustion requirement, it would be too much of a stretch to conclude that petitioner satisfies his burden in this case. The most significant factor in the analysis is that petitioner's brief to the Massachusetts Appeals Court did not challenge the trial court's evidentiary rulings at all; its exclusive focus was on the conduct of trial counsel. *Cf. Barresi*, 296 F.3d at 53-54 (noting that Barresi's ALOFAR challenged the rulings of the *trial court*). The brief did not argue that the trial court denied petitioner the right to cross-examine his accuser by excluding certain evidence; it did not invoke the Confrontation Clause or even the Due Process Clause. *Cf. id.* at 54 (explaining that Barresi's ALOFAR objected to "an impermissible infringement on [his] right to cross-examine [the complainant]" and claimed that his "due process guarantees [were] undermined" (alterations in original)). To the contrary, it

contends that *defense counsel* provided ineffective representation.  (App. at 196-200).  That is not sufficient to constitute fair presentation of petitioner's Confrontation Clause argument, because only the trial court—and not defense counsel—could have deprived petitioner of the right to confront his accuser.

Petitioner is correct that his ineffectiveness argument cited two state court cases that arguably touch on the Constitutional implications of the rape shield statute.  (App. at 202-03 (citing *Commonwealth v. Stockhammer*, 409 Mass. 867 (1991); *Commonwealth v. Joyce*, 382 Mass. 222 (1981))).  But petitioner did not rely on these cases for their federal constitutional implications; rather, he cited them for their interpretations of the Massachusetts rape shield statute.  (App. at 203).  Under the circumstances, the mere citation of the two cases would not have alerted a reasonable jurist to the existence of the federal constitutional question.

Moreover, petitioner's ineffectiveness argument did not itself embody a Confrontation Clause challenge, despite petitioner's argument to this Court that the two issues are "intrinsically linked."  Before the Massachusetts Appeals Court, petitioner did not argue that his trial counsel was deficient for failing to raise a Confrontation Clause challenge to the trial court's evidentiary ruling.  (*Id.* at 190-213).  Instead, petitioner contended that trial counsel acted unreasonably in failing to file the required written motion.  (*Id.* at 196-200).  These arguments are not so connected that the latter can be considered to embody the former.

This is not to say that the ineffective assistance and confrontation clause are unrelated.  But the connection that might exist is too remote to justify a conclusion that a reasonable jurist addressing petitioner's ineffectiveness claim would have been presented with a Confrontation Clause claim as well.  In order to prevail on a claim of ineffective assistance of counsel, a

defendant must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Mahar*, 442 Mass. 11, 15 (2004). For petitioner, *Strickland*'s second prong requires him demonstrate that but for trial counsel's failure to file required motion, there is a reasonable probability that the evidence would have been admitted and the outcome of the case would have been different. *See Strickland*, 466 U.S. at 694.

In conducting the *Strickland* analysis, a court would confront the Confrontation Clause only if it first concluded that, assuming defense counsel had filed the required motion, the contested evidence would have been substantively *inadmissible* under the rape shield statute. And then the court would have to raise, *sua sponte*, the issue of whether such inadmissibility denied petitioner the right to confront his accuser. That a court would travel down this long road is too unlikely to justify a finding that petitioner fairly presented and therefore exhausted his Confrontation Clause claim.

For the these reasons, petitioner's motion for reconsideration is DENIED, and Claims Two, Four, Five, and Six of the petition are DISMISSED.

**So Ordered.**

Dated: February 22, 2010

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge