UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID W. COLLINS,   )<br>  )<br>       Petitioner,   )<br>  )<br>       v.   )<br>  )<br>GARY RODEN,   )<br>  )<br>       Respondent.   )<br>  ) | Civil Action No.<br>08-40217-FDS |

**MEMORANDUM AND ORDER ON PETITION FOR
HABEAS CORPUS AND MOTION FOR EVIDENTIARY HEARING**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Petitioner David Collins was convicted of two charges of forcible rape of a child on February 13, 2002. He was sentenced to a ten- to twelve-year term of incarceration on one charge and a ten-year term of probation on the other. He now seeks habeas relief pursuant to 28 U.S.C. § 2254. He has also moved for an evidentiary hearing to offer evidence in support of his petition.

In prior proceedings, this Court ruled that Collins had failed to exhaust his remedies in state court with respect to four of the six claims asserted in the petition. Collins voluntarily dismissed the unexhausted claims and proceeded with the remaining two. For the reasons set forth below, the motion for an evidentiary hearing and petition for a writ of habeas corpus will be denied.

I. **Background**

    A. **State Court Proceedings**

David Collins was convicted by a jury on February 13, 2002, in Plymouth Superior Court on two counts of forcible rape of a child under the age of sixteen. The alleged victims were JB (the son of Collins's ex-girlfriend Pam) and CVB (JB's best friend). Pam, JB, and CVB—who were the only witnesses at trial—testified that Collins engaged in forcible oral sex with the boys when they were 15 years old. Collins's counsel argued to the jury that the witnesses fabricated the charges against him because of the acrimonious relationship he had with Pam.

Collins appealed his convictions to the Massachusetts Appeals Court on the following three grounds:

    1.    Whether the introduction of highly prejudicial evidence suggesting that the defendant was a crack addict, and the Commonwealth's repeated questions calculated to suggest improperly that the defendant had engaged in other misconduct, deprived him of a fair trial.

    2.    Whether the admission of what was in effect stale fresh complaint evidence improperly bolstered the credibility of the complaining witnesses and deprived the defendant of a fair trial.

    3.    Whether the prosecutor's improper emotional appeal, in which he suggested to the jury that the alleged victims may have suffered some sort of latent emotional or psychological damage from the defendant's alleged acts, prejudiced the defendant and entitled him to a new trial.

On January 13, 2004, the Massachusetts Appeals Court affirmed the conviction in an unpublished decision. *Commonwealth v. Collins*, 60 Mass. App. Ct. 1111 (2004) (table, text in Westlaw). Collins filed an application for leave to obtain further appellate review ("ALOFAR") on the first and third claims, which the Massachusetts Supreme Judicial Court denied on March 10, 2004. *Commonwealth v. Collins*, 441 Mass. 1104 (2004) (table).

On July 8, 2004, Collins filed a *pro se* motion for new trial pursuant to Mass. R. Crim. P. 30, in which he claimed ineffective assistance of counsel based on counsel's failure to raise certain claims on direct appeal. On September 6, 2005, he filed (through newly retained counsel) an amended motion for new trial.

On November 17, 2006, the Superior Court denied the motion for new trial without an evidentiary hearing. Collins appealed the denial, asserting (1) that he received ineffective assistance of counsel, based on (a) trial counsel's failure to file a pretrial motion to admit evidence of one of the victim's prior sexual assaults on Collins's nieces as a motive to lie, and (b) trial counsel's cross-examination of the victim's mother regarding an illegally recorded conversation with Collins; and (2) that the Superior Court erroneously failed to grant him an evidentiary hearing on his motion for new trial. On March 18, 2008, the Appeals Court affirmed the order denying the Rule 30 motion. *Commonwealth v. Collins*, 71 Mass. App. Ct. 1113 (unpub. table decision), 2008 WL 731927 (Mar. 18, 2008).

Collins then filed an ALOFAR with the SJC based on the same grounds that he had raised before the Massachusetts Appeals Court. The SJC denied review on June 25, 2008. *Commonwealth v. Collins*, 451 Mass. 1108 (2008) (table).

### B.   Federal Proceedings

On November 13, 2008, Collins filed the present petition for writ of habeas corpus, which asserted six grounds for review. Respondent Gary Roden moved to dismiss the petition, contending that Collins failed to exhaust his available state remedies as to all six claims. In a July 21, 2009 Memorandum and Order, the Court concluded that Claims Two, Four, Five, and Six of the petition had not been exhausted. The Court denied Collins's motion to stay the federal

case to allow him to exhaust his state court remedies, concluding that a stay would not be appropriate under the circumstances.[1]

Collins opted to dismiss the unexhausted claims and proceed as to the exhausted ones. The claims that have not been dismissed assert the following grounds for relief: (1) that he received ineffective assistance of counsel because of trial counsel's failure to file a written pretrial motion to admit testimony that one of the alleged victims had previously sexually assaulted Collins's nieces; and (2) that he received ineffective assistance of counsel based on trial counsel's cross-examination of the alleged victim's mother concerning an illegally recorded telephone conversation.

Collins has moved for an evidentiary hearing to address issues allegedly never raised at trial or, in alternative, to grant the petition for a writ of habeas corpus. Respondent contends that the petition should be denied without a hearing because Collins cannot satisfy the statutory requirements for habeas relief set forth in 28 U.S.C. § 2254(d).

## II.     Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on his remaining claims. He contends that the accusations of sexual abuse against petitioner were fabricated "in retaliation for suggesting that JB's prior sexual assaults should be addressed, and in order to preclude Petitioner's family from pursuing legal action against JB." (Pet. Br. at 4). He states that at the proposed hearing, he would offer evidence that Pam, JB, and CVB had a motive to lie at trial and accuse him of sexual abuse because JB had previously sexually assaulted petitioner's niece, AG. That evidence would include (1) testimony of petitioner's sister (AG's mother) and AG concerning JB's alleged abuse

---

[1] On February 22, 2010, the Court denied a motion by petitioner for reconsideration of the ruling that Claim Two was unexhausted.

of her when he was 13 and she was 3; (2) medical records of a physical examination of AG following the assault; (3) testimony by Anne Losert, his other sister, whose young daughters were allegedly sexually assaulted by JB around the same time; and (4) petitioner's own testimony about the inter-family dynamic in his and Pam's household following his sisters' reports of JB's sexual molestation of his three nieces.

Evidentiary hearings are disfavored in habeas proceedings under § 2254. *See Teti v. Bender*, 507 F.3d 50, 61 (1st Cir. 2007) (noting the "discrepancy between the (respectively, somewhat narrower and broader) rights to a hearing in [§ 2254 and § 2255]" (internal citations omitted)); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").[2] Accordingly, "[a]lthough state prisoners may sometimes submit new evidence in federal court, [the] statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011).

Where a state prisoner challenges his conviction on a ground that has been adjudicated in state court, review of that claim is limited to the record that was before the state court. Section 2254(d)(2) specifically limits review of the reasonableness of a state court's factual determinations to "evidence presented in the State court proceeding." Likewise, the Supreme Court has held that "review [of legal questions] under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398.[3]

---

[2] Petitioner relies in part on the standard for granting an evidentiary hearing set forth in 28 U.S.C. § 2255. That section governs habeas petitions by federal prisoners, and is not relevant in this action.

[3] In contrast, a federal court may sometimes hear new evidence relating to a claim that was not adjudicated in state court. However, 28 U.S.C. § 2254(e)(2) bars such hearings unless "(A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

Here, the state courts considered and adjudicated both of the grounds on which petitioner attacks the constitutionality of his conviction: (1) that counsel erred in failing to file a motion to admit evidence of the victims' prior sexual conduct, and (2) that counsel erred in cross-examining Pam about a recorded telephone conversation that otherwise would not have been in evidence. Both of those arguments were addressed on their merits by the trial court in its ruling on petitioner's motion for a new trial, and by the Appeals Court on review of that ruling. *Collins*, 2008 WL 731927, at *2. Because this Court now reviews those rulings under § 2254(d)(1), it may not augment the record on which they were made. *Cullen*, 131 S. Ct. at 1398.

Accordingly, petitioner's motion for an evidentiary hearing will be denied.

## III. **The Habeas Petition**

### A. **Standard of Review**

Federal habeas corpus review of a claim previously adjudicated on the merits by the state courts is both limited and highly deferential. *Harrington v. Richter*, 131 S. Ct. 770, 780 (2011); *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal court may not grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

---

unavailable; or (ii) a factual predicate that could not have been discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense."

1. **<u>Contrary to or Unreasonable Application of Federal Law</u>**

Petitioner bears the burden of showing that the state court decision was contrary to or involved an unreasonable application of clearly established law. *Cullen*, 131 S. Ct. at 1398 (citing *Woodford*, 537 U.S. at 25).

A state-court decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts the governing law set forth in the Supreme Court's cases or (2) resolves a case differently from the Supreme Court on a set of materially indistinguishable facts. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). In either scenario, the state-court decision must be "substantially different," "diametrically different," "opposite in character or nature," or "mutually opposed" to clearly established Supreme Court precedent. *Williams*, 529 U.S. at 405.

A state-court decision involves an "unreasonable application" of federal law if the state court identified the correct governing legal principle from the Supreme Court's decisions, but applied it in an objectively unreasonable manner. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (citing *Williams*, 529 U.S. at 409). The Supreme Court has cautioned that "[a]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 365. The state court's application of federal law must be "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75 (citing *Williams*, 529 U.S. at 409, 410, 412); *see also Kibbe v. DuBois*, 269 F.3d 26, 35 (1st Cir. 2001); *Teti*, 507 F.3d at 57 ("A decision can still be reasonable even if the reviewing court thinks it is wrong; 'unreasonable' here means something more than incorrect or erroneous."). It must be unreasonable, which is "'a substantially higher threshold' for obtaining relief than de novo review." *Renico*, 130 S. Ct. at

1862 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  If it is "a close question whether the state decision is in error, then the state decision cannot be an unreasonable application."  *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir. 2002).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Teti*, 507 F.3d at 57.  Such a claim is therefore normally reviewed under § 2254(d)(1) to determine whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  *See id.* (citing *Williams*, 529 U.S. at 409).

### 2. Unreasonable Determination of Facts

Section 2254 also provides that a writ of habeas corpus may be granted if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented . . . ."  28 U.S.C. § 2254(d)(2).  Section 2254(e)(1), in turn, provides that any factual determination made by a state court is entitled to a presumption of correctness.  28 U.S.C. § 2254(e)(1); *see Gunter v. Maloney*, 291 F.3d 74, 76 (1st Cir. 2002); *Sanna v. DiPaolo*, 265 F.3d 1, 7 (1st Cir. 2001).

> The relationship between § 2254(d)(2) and § 2254(e)(1), both of which apply to state court fact determinations, has caused some confusion.  The Supreme Court has suggested that § 2254(e)(1) applies to determinations of factual issues, rather than decisions, while § 2254(d)(2) applies to the granting of habeas relief itself.  That is, under this approach, § 2254(d)(2)'s reasonableness standard would apply to the final decision reached by the state court on a determinative factual question, while § 2254(e)(1)'s presumption of correctness would apply to the individual factfindings, which might underlie the state court's final decision or which might be determinative of new legal issues considered by the habeas court.

*Teti*, 507 F.3d at 57-58 (citations and internal quotations omitted).

The presumption of correctness under § 2254(e)(1) applies to factual determinations made by state trial and appellate courts, as well as to any factual findings that are implicit in the

state courts' rulings. *Teti*, 507 F.3d at 58-59; *see Parke v. Riley*, 506 U.S. 20, 35 (1992) (presumption of correctness applies to "inferences properly drawn from [historical] facts").

A habeas petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B.     Analysis

Both of the claimed grounds for relief allege that petitioner received ineffective assistance of counsel at trial. Claims for ineffective assistance of counsel under the Sixth Amendment must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result. *Id.* at 687.

The first prong of the *Strickland* test requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment in rendering significant decisions. *Harrington*, 131 S. Ct. at 787 (citing *Strickland*, 466 U.S. at 688-89); *see also Genius v. Pepe*, 147 F.3d 64, 66 (1st Cir. 1998) ("[C]ounsel's judgments in formulating the defense strategy are entitled to substantial deference."). A petitioner may overcome this presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances." *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (citing *Strickland*, 466 U.S. at 687-90); *see also Lynch v. Ficco*, 438 F.3d 35, 49 (1st Cir. 2006).

The Sixth Amendment does not guarantee either a perfect or a successful defense. *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (stating that the "Sixth Amendment guarantees

reasonable competence, not perfect advocacy judged with the benefit of hindsight"). "It is only where, given the facts at the time, counsel's choice was so patently unreasonable that no competent attorney could have made it, that the ineffective assistance prong is satisfied." *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006) (quotations omitted); *see also Epsom v. Hall*, 330 F.3d 49, 54 (1st Cir. 2003) ("Trial lawyers make countless tactical choices and unless the net reckoning is 'patently unreasonable,' counsel's judgment is not constitutionally defective.").

The second prong of the *Strickland* test requires a petitioner to show that counsel's deficient performance resulted in "prejudice"—that is, that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result was reliable." *Strickland*, 466 U.S. at 687. Stated differently, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Sleeper*, 510 F.3d at 39.

The Supreme Court has noted that "[s]urmounting *Strickland*'s high bar is never . . . easy." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is even more difficult, since both standards are "highly deferential," 466 U.S. at 689, 104 S.Ct. 2052, and since Strickland's general standard has a substantial range of reasonable applications. The question under § 2254(d) is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington*, 131 S. Ct. at 788. A petitioner bringing a claim for ineffective assistance of counsel under § 2254 must not only demonstrate that counsel was ineffective under the *Strickland* standard, but "must also demonstrate that the state court's denial of his claim was objectively unreasonable." *Abrante v. St. Amand*, 595 F.3d 11, 19 (1st Cir. 2010).
10

1.      **Failure to Introduce Evidence of Victim's Prior Sexual Acts**

Petitioner first contends that trial counsel was ineffective for failing to move to admit and to make an offer of proof concerning evidence that one of the victims (JB) had previously sexually assaulted petitioner's three young nieces.

According to petitioner, his lawyer's failure to make a written motion to admit the evidence at issue deprived him of effective assistance of counsel, because the evidence was admissible under the Massachusetts rape-shield statute to prove that the victim and the victim's mother had a motive to lie.[4]  Petitioner's trial counsel decided not to file a written motion for the admission of the evidence at issue because he believed it was inadmissible under the rape-shield statute.  (Aff. of J. Drew Segadelli, ¶¶ 2-3; Aff. of Marcia J. Silvers, ¶ 4).

The Massachusetts Appeals Court addressed this issue when petitioner raised it on direct appeal:

> [T]he defendant failed to demonstrate that his counsel rendered ineffective assistance in not filing a written motion under the rape shield statute.  The evidence as to the victim's 1990 sexual conduct, if admissible at all—a dubious proposition at best—was in the circumstances simply too attenuated to have usefully shown a motive to lie on his part, his mother's, or that of his friend, the second victim.  In any event, we are not persuaded that the judge erred in concluding that counsel's failure to file a written motion cost the defendant a

---

[4] That statute provides, in relevant part, as follows:

Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof.  If, after said hearing, the court finds that the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not.

Mass. Gen. Laws ch. 233, § 21B.  During pre-trial proceedings, petitioner's counsel did move orally to admit the evidence of the victim's prior sexual misconduct.  However, he never filed a written motion, as required by the statute.

substantial ground of defense.

*Collins*, 2008 WL 731927, at *2.[5]

Petitioner contends that the Appeals Court was "simply wrong in that finding," and that the evidence would have been admissible under the exception to the rape-shield statue. (Pet. Reply Br. at 2). Certainly, this Court may not, on habeas review, second-guess a state court's determination under state law that the evidence was too attenuated to provide a motive to lie, or that the admissibility of the evidence under state law was "a dubious proposition at best." *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). However, that is not the determinative issue; rather, the question under *Strickland* is whether petitioner's counsel was objectively reasonable in failing to file a written motion for admission of the evidence during trial.

The *Strickland* test is an objective standard that does not consider counsel's thought processes, and "as long as counsel performed as a competent lawyer would, his or her detailed subjective reasoning is beside the point." *Cofske v. United States*, 290 F.3d 437, 444 (1st Cir. 2002); *see also Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (citing *Cofske* as an example of the First Circuit's position in a circuit split on "whether the reasonableness of counsel's performance may be assessed solely by reference to strategy that a hypothetical

---

[5] In reaching that determination, the Appeals Court did not cite *Strickland*, but instead applied the standard for review of claims of ineffective assistance of counsel as it was articulated by the Supreme Judicial Court in *Commonwealth v. Saferian*, 366 Mass. 89 (1974). However, when a federal court reviews, in habeas proceedings, the determination of a Massachusetts court as to such claims, "even if the [state court] does not cite *Strickland* for the ineffective assistance of counsel standard, the *Saferian* standard is functionally identical to the federal standard . . . and is therefore sufficient for habeas ineffective assistance claims." *Smiley v. Maloney*, 422 F.3d 17, 22 (1st Cir. 2005) (internal citations and quotations omitted).

attorney might have pursued under the circumstances, without any inquiry as to counsel's actual strategy").

Petitioner contends that counsel's performance was ineffective because the "failure to pursue introduction of evidence of the victim's prior sexual assaults was not due to inattention, but rather was the product of defense counsel's lack of understanding of the limits to the rape shield law." (Pet. Br. at 13). Even assuming that petitioner's factual contentions are correct, his trial counsel's misunderstanding of the law is not the relevant issue. Instead, the question is whether the performance of petitioner's counsel in declining to move for admission of the evidence at issue "fell below an objective standard of reasonableness under the circumstances." *Sleeper*, 510 F.3d at 38 (citing *Strickland*, 466 U.S. at 687-90).

The Sixth Amendment does not require that a criminal defense lawyer file any motion whose allowance might conceivably benefit his or her client. To the contrary, lawyers are expected to exercise reasonable professional judgment. A lawyer need not file motions on behalf of his client that would not likely be allowed. *See United States v. Ortiz*, 146 F.3d 25, 28 (1st Cir. 1998) (finding that counsel's decision not to file a motion was "well within the acceptable range of reasonable professional assistance" where he had "decided against filing a motion he reasonably believed would be of no benefit to his client.").

Here, the Appeals Court found the argument for admission of the evidence to be a "dubious proposition," and that the evidence itself had little probative value. The likelihood that the trial judge would have reached the same conclusions is very high. Accordingly, an objectively reasonable lawyer could conclude that a motion seeking to admit the evidence would not succeed, and therefore need not be filed. Petitioner therefore has not met his burden of

demonstrating deficient assistance of counsel under the first prong of the *Strickland* standard.

Because the decision of petitioner's trial counsel not to move for admission of evidence was not objectively unreasonable under the circumstances, petitioner has not established that the state proceedings deprived him of his constitutional right to effective assistance of counsel.[6] The state court was not objectively unreasonable in rejecting this claim, and petitioner's claim for relief on this ground will therefore be denied.

### 2. Cross-Examination Concerning an Illegally-Recorded Conversation

Petitioner contends that counsel was ineffective for cross-examining Pam about an illegally-recorded conversation. Prior to the start of the trial, the court had ruled that a tape recording of the conversation was inadmissible, and excluded it from evidence. Petitioner contends that counsel's decision to cross-examine Pam about the recording opened the door to testimony about the recorded conversation, and gave the jury the "opportunity to hear about additional incriminating statements made by [p]etitioner." (Pet. Br. at 15).

The Appeals Court found that counsel's strategic decision to cross-examine Pam about the recording was not unreasonable, noting that even though the recording itself was excluded from the evidence, "[o]n direct examination, [she] was permitted to testify as to her independent recollection of the contents of that illegally taped conversation." *Collins*, 2008 WL 731927, at *2. Counsel's decision to cross-examine Pam about the illegally-recorded conversation in an attempt to discredit her constituted a valid strategic decision, even if it did open the door to

---

[6] Because petitioner does not meet his burden as to the first prong of the *Strickland* standard, it is accordingly unnecessary to consider, under the second prong, whether the decision of petitioner's counsel caused prejudice. *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006) ("A defendant's failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong.") (citing *Strickland*, 466 U.S. at 697.).

otherwise-excluded evidence. *See United States v. Rodriguez*, 675 F.3d 48, 57 (1st Cir. 2012) (holding that counsel made a reasonable strategic decision in cross-examining a witness on excluded evidence in an attempt to portray the witness's testimony as unbelievable).

Furthermore, petitioner has not demonstrated that he was prejudiced by counsel's decision. Petitioner's contends that the cross-examination "had the devastating effect of highlighting an alleged admission by Petitioner." (Pet. Br. at 15). However, as the contents of the conversation were already admitted, the claimed prejudice arising from counsel's cross-examination concerning the illegal recording is questionable. Petitioner has not specifically identified what statements were allowed that would otherwise have been excluded, or how the exclusion of those statements would have altered his trial.

Petitioner has not shown that counsel's decision to cross-examine about the illegally-recorded conversation was unreasonable, nor has he demonstrated that the decision was prejudicial. The state court was not objectively unreasonable in rejecting this claim, and petitioner's claim for relief on this ground will therefore be denied.

## IV.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED, and petitioner's motion for an evidentiary hearing is also DENIED.

**So Ordered.**

                                                                /s/ F. Dennis Saylor
                                                                F. Dennis Saylor IV
                                                                United States District Judge
Dated:  November 16, 2012