**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DAVID W. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 08-40217-FDS |
| | ) | |
| GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On November 19, 2012, this Court issued an order dismissing the petition for a writ of habeas corpus. The basis for the Court's ruling is provided in its Memorandum and Order dismissing the petition.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner presented two claims of ineffective assistance of counsel in his petition, based

on: (1) counsel's failure to file a written pretrial motion to admit evidence of the victim's sexual assaults on petitioner's nieces as a motive for the victim to lie; and (2) counsel's decision to cross-examine the victim's mother concerning an illegally-recorded conversation with petitioner that the trial court had previously ruled inadmissible.  Petitioner's contention that counsel was ineffective for failing to file a pretrial motion to admit evidence presents a colorable claim as to which a reasonable jurist could disagree with the Court's conclusion, at least sufficiently so to satisfy the standard.  Petitioner's other argument that counsel was ineffective in cross-examining a witness regarding the illegal recording does not, however, merit the issuance of a COA.

Accordingly, a certificate of appealability is GRANTED as to petitioner's claim that his counsel should have filed a pretrial motion to admit evidence, and is otherwise DENIED.

**So Ordered.**

Dated: November 20, 2012

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge